Van Brunt, P. J.
The only question raised upon this appeal is as to the finding of the learned judge who tried the cause al the special term, that Edward Jones paid to the defendant Whiteman two-thirds of the sum of $20,000 which Whiteman paid in cash for the property in question.
It is conceded for the purposes of this appeal, at least, that the defendant Edward Jones was entitled to have a two-thirds interest in the property involved in this litigation, and that the only question to be considered is, as to the payment by Edward Jones to Whiteman of his share of the consideration.
It appears from the evidence that Jones, Brown and Whiteman were originally interested in this enterprise in equal proportions, and it would appear that Whiteman originally paid the whole of that part of the consideration money which was paid in cash. Brown never paid to Whiteman any part of the consideration. He, however, transferred his interest to Jones, and the question which is presented for consideration is, as to the sufficiency of the evidence that Jones paid his one-third as well as Brown one-third of the consideration to Whiteman.
It would apj ear from the evidence and the relations existing between Jones and Whiteman, that they had large and numerous monetary transactions with each other, and, in consequence of the death of Jones, it has become exceedingly difficult to unravel these transactions, and to properly understand the accounts passing between Jones and Whiteman in reference thereto.
It is claimed that one of the exhibits consisting of an account marked exhibit H upon the trial of this case, shows that Jones had paid his proportion of the consideration for this property. We, however, fail to see the foundation of this claim. It is undoubtedly true that the balance shown to be due toWhiteman on this account was paid by Jones in the settlement of a storage reservoir account, exhibit Z, but that any portion of the money represented by the account exhibit H was ever applied to the payment of the advances which Whiteman had made on account of the purchase price of the lots does not. seem to be established.
It, however, may be inferred from the entries contained in the account, that in November, 1873, no indebtedness as to the property upon the part of Jones to Whiteman existed, because we find in that account credits for one-third of the interest on the mortgage on this property, and for one-third of the taxes paid thereon, which would seem to indicate that Jones had paid these taxes and this interest, and that Whiteman was giving him credit in this account for the one-third paid upon his share or interest.
A consideration, however, of exhibits K, L, M, seem necessarily to lead to the conclusion that no indebtedness whatever existed from Jones to Whiteman in January, 1874. We find a statement apparently of the accounts between Jones and Whiteman carried down to the 21st of January, 1874, showing a balance due from Whiteman to Jones of $59.11. Exhibit L is a statement bearing date the 22d of January, 1874, into which this balance of $59 11 is carried, and there is found to be due to Jones from Whiteman $3.036.21 which the account states has been deposited to Jones’ account, and that “this, statement settles all up to date.”
Exhibit M is a statement dated the 9th of February, 1874, of an account between Whiteman and Jones, and in that account Jones is credited with two-thirds of the rents of the house upon this property apparently collected by Whiteman, and this account shows a balance in favor of Jones. In view of *937 the broad statement contained in exhibit L, and the payment of the balance shown to be due to Jones to him by Whiteman, it is necessary to conclude that there was no indebtedness outstanding from Jones to Whiteman.
It may be said, however, that although Jones may have paid for his cnethird, there is no evidence that he paid for the one-third received from Brown. This argument, however, cannot prevail, because we find Whiteman in February acknowledging the fact that Jones was entitled to a two-third interest in this property, one-third of which he knew came from Brown, and that Jones was paying for the same. And on the 22d of January, 1874, only a few days before this account in regard to the rent, we find Whiteman making the statement upon his account rendered to Jones that Jones had paid him all up to date.
Meager as the evidence is, unsatisfactory as it may appear, it does not seem possible to come to any other conclusion than that Jones has paid to Whiteman the two-thirds consideration for the property in question.>
The judgment appealed from must, therefore, be affirmed, with costs.
Daniels and Brady, JJ., concur.